MARTIN CASES, Appellant, v. LENWORD BLACKWOOD, Respondent.— In an action to recover damages for property injuries, plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated November 29, 1973, which affirmed a judgment of the Civil Court of the City of New York, Kings County, entered March 1, 1973, in favor of defendant, upon a jury verdict. Order affirmed, with costs. No opinion. Gulotta, P. J., Martuscello and Shapiro, JJ., concur; Benjamin, J., dissents and votes to reverse the order and grant a new trial, with the following memorandum, in which Christ, J., concurs: The question for our decision is whether the trial court erred when it prevented plaintiff from proving an admission by defendant that the latter was backing up his vehicle immediately before the accident. The accident occurred on the Williamsburgh Bridge going from Manhattan to Brooklyn. The bridge has eight traffic lanes, four in each direction. The four, in turn, are divided by solid barriers into two groups. Ismael Lopez, the operator of plaintiff's vehicle, was driving in a left lane at 25 or 30 miles per hour. Defendant was driving his taxicab in the same direction in the right lane. At the trial, Lopez testified that he

first saw defendant's vehicle stopped about 300 or 400 feet ahead in the right lane and that he then noticed defendant's taxicab beginning to back up, apparently to enable defendant to reach a disabled taxicab which was parked in the emergency parking area. Lopez then testified that the right side of his car collided with the left front fender of defendant's vehicle. On further questioning, the following transpired: " Q. In this collision, did both vehicles come to a full stop? A. Yes. Q. What happened after the vehicle stopped? A. I asked Mr. Blackwood, how come he was backing up on the bridge. He said, I'm sorry, anybody can have an accident. Then I asked him for his paper and the license and we changed papers and all that. Q. Would you please tell us in your own words everything that you said to Mr. Blackwoood and everything that he said to you, when you got out of the car? MR. KOSOVER: I object as being asked and answered, and to his form. THE COURT: Sustained. MR. ALTGELT: I will rephrase the question. Q. What did you say to Mr. Blackwood when you got out of the car, the very first thing? MR. KOSOVER: Same objection. THE COURT: Mr. Lopez, did you testify to the whole. conversation between you and Mr. Blackwood just now? Did you tell us the whole conversation? A. Tell who — THE COURT: When you said before what the conversation was, was that the whole conversation? A. Yes. THE COURT: Sustained. MR. ALTGELT: Your Honor, I have to object to that ruling. I have to make an offer of proof at this time. THE COURT: Your exception is noted, the witness said that that was their entire conversation. MR. ALTGELT: I would like to make an offer of proof. THE COURT: Do it after you finish with this witness." The record thus demonstrates that the trial court refused to permit further examination of this witness to elicit from him proof of defendant's admission that his vehicle was backing up on the bridge. The admission to which the witness would have testified is relevant to the issue of whether defendant's act was the proximate cause of the collision. This is particularly so here because the court properly charged the jury that if defendant backed up on the bridge it would be evidence of negligence. Under the circumstances of this case, the foreclosure by the trial court, of further examination of plaintiff's witness to prove the admission was, in our view, reversible error.